■ CHARLES V. MORRIS et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 51995.) — Appeal by claimants from a judgment, entered February 11, 1971, upon a decision of the Court of Claims. Prior to the appropriation of land, farm buildings and permanent easements, claimants owned and operated a 257-acre dairy farm bisected by Route 51 with 107 acres on one side and the balance on the other. Concededly, the taking of two barns with milk houses eliminated the farm's milk production facilities. The court found that the highest and best use of the property at the time of the appropriation was a dairy farm which changed after the appropriation to " farming purposes ". It is contended on this appeal that the court erred in totally rejecting claimants' appraisal and adopting that of the State. Claimants' appraiser gave an opinion as to the before value and after value based on the market data approach, but made no attempt to break down the damages as to direct and consequential, nor did he allocate the damages among the land and the various improvements. These values were properly rejected by the court. Rule 25-a of the Rules of the Court of Claims (22 NYCRR 1200.27) clearly mandates an appraisal shall separate land and building valuations, as well as direct and consequential damages. Furthermore, we have consistently held that separate findings be made as to the amounts awarded for the direct taking and for consequential damage. (*Howard* v. *State of New York*, 35 A D 2d 1032.) In order for the court to make proper findings, it must have the necessary evidence on which to base them. While the State's expert used the same two comparables in arriving at his before and after values, these comparables were sufficiently adjusted with an explanation for each adjustment, both as to the before value of the subject property and its after value. In view of the apparent lack of vacant land sales, for his after value he apportioned land and improvement values as to his dairy farm comparables, and assigned separate values to each building and the different types of farm land after adjusting the comparables for their differences. Differences between the subject property and alleged comparables can be properly adjusted by expert witnesses, the degree of comparability becoming a question of fact. (*Chalmers & Sons* v. *State of New York*, 35 A D 2d 864; *Kastelic* v. *State of New York*, 29 A D 2d 803.) The State's appraiser used the cost approach merely as a backup. We find the court's determination of values was amply supported by the record. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.